IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILTON C. JOHNSON, JR.,<br>　　　　Plaintiffs,<br>v.<br><br>UNITED STATES POSTAL SERVICE<br>and MEGAN J. BRENNAN,<br>Postmaster General,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:15-CV-1081-L-BK |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the *Standing Order of Reference*, Doc. 15, the Court now considers Defendants' *Motion to Dismiss Plaintiffs' Complaint*. Doc. 11. For the reasons that follow, it is recommended that the motion be **GRANTED**.

**A. Procedural History**

In April 2015, Plaintiff filed a complaint alleging that Defendants have discriminated "intersectionally" against him and other "similarly situated transitional employees" by paying them less than other employees due to their job classification.[1] Doc. 3 at 2. Plaintiff requests an injunction to prevent Defendants from further discrimination, a declaratory judgment finding that Defendants have violated Title VII of the Civil Rights Act of 1964, and money damages. Doc. 3 at 2-3. Defendants now move to dismiss the complaint.

While Plaintiff did not file a response to the motion despite being ordered to do so if he opposed the relief sought, he did file a *Statement of Claim* on November 6, 2015, requesting an extension of time in which to obtain legal counsel. Doc. 17. Defendants responded, asserting

---

[1] Plaintiff purports to also file the complaint on behalf of several other individuals who were named only on his attached civil cover sheet and who did not sign the complaint. Doc. 3 at 4. These purported plaintiffs never signed the complaint or filed any pleadings, including a response to the *Motion to Dismiss*, and, thus, were terminated as parties by separate electronic order.

that they had no opposition to a 30-day extension of time for that purpose.  Doc. 18. Nevertheless, nearly three months have passed since Plaintiff filed his *Statement of Claim* and no attorney has entered a notice of appearance on his behalf, nor has Plaintiff filed any additional pleadings or motions.  Thus, Defendants' *Motion to Dismiss* is addressed as unopposed.

**B. Arguments**

*1. Exhaustion of Administrative Remedies*

Defendants first seek dismissal of the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, arguing that Plaintiff failed to exhaust his administrative remedies.  Doc. 12 at 11-13.  As Defendants note, there is a dispute within this Circuit regarding whether exhaustion implicates the Court's subject matter jurisdiction or is merely a statutory prerequisite to suit.  *Compare Filer v. Donley,* 690 F.3d 643, 647 (5th Cir. 2012) (stating that "in this court, there are two *jurisdictional* issues in this case ... [t]he first is whether [employee] *exhausted his administrative remedies under Title VII*") (emphasis added) *with Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) ("The limitations period for filing a discrimination charge with the EEOC is not a *jurisdictional* prerequisite, and it may be tolled by equitable modification." (emphasis added and citations omitted).  Several judges in this district have concluded that exhaustion of administrative remedies is not a jurisdictional requirement, even where the federal government is the party sued. *Bailey v. Napolitano*, No. 11-CV-1110-L, 2012 WL 1658790, at*5 (N.D. Tex. 2012) (Lindsay, J.); *Busari-Ibe v. AGS-AECOM Co.*, No. 11-CV-625-Y, 2012 WL 12090207, at *3 (N.D. Tex. 2012) (Means, J.); *Miller v. Potter*, No. 07-CV-1040-K, 2008 WL 5191856, at *2 (N.D. Tex. 2008) (Kinkeade, J.); *Hicks v. Peake*, No. 07-CV-0819-M, 2008 WL 3884367, at *2 (N.D. Tex.

2007) (Lynn, J.) (adopting recommendation). Accordingly, it is recommended that the Court decline to dismiss Plaintiff's complaint for lack of jurisdiction.

However, while the failure to exhaust remedies is not a jurisdictional bar to a federal employee filing a discrimination complaint, exhaustion is still a mandatory prerequisite, albeit one that is subject to equitable tolling. 42 U.S.C. § 2000e-16(c). In particular, a complainant must contact an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discrimination or, in the case of personnel action, the effective date of the action. 29 C.F.R. § 1614.105(a)(1). If counseling is unsuccessful, the EEO counselor then must notify the employee that he has a right to file a formal discrimination complaint within 15 days of receiving the notice. 29 C.F.R. §§ 1614.105(d), 1614.106(b).

As Defendants correctly observe, Plaintiff did not allege in his complaint that he exhausted his administrative remedies before filing this action. Accordingly, the complaint is subject to dismissal for failure to exhaust. *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979) ("A judicial complaint that fails to allege exhaustion of administrative remedies or that the plaintiff should for some adequate reason be excused from this requirement is properly subject to dismissal."); *Shabazz v. Tex. Youth Comm'n*, 300 F.Supp.2d 467, 471 (N.D. Tex. 2003) (dismissing claimant's Title VII complaint for failing to allege that the process of exhausting administrative remedies had been completed).

*2. Failure to State a Claim*

Defendants also argue that, even assuming exhaustion of remedies occurred, Plaintiff cannot make out a Title VII claim based on "intersectional" and "job classification" discrimination where he did not allege that his membership in a protected class was the basis for the discrimination. Doc. 12 at 14-15.

Under Title VII, a Plaintiff claiming discrimination in the course of his employment must allege membership in a protected class that is recognized by Title VII, which includes "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff's complaint that he has been discriminated against based on his job classification and pay grade plainly does not state a claim under Title VII. *See, e.g., Flaig v. Hi-Line Elec. Co.*, No. 06-CV-2090-P, 2007 WL 7708632, at *4 (N.D. Tex. 2007) (holding that status as a cancer patient is not a protected class under Title VII) (Solis, J.); *Williams v. Leading Edge Aviation*, No. 04-CV-0156, No. 2004 WL 1656636, at *1 (N.D. Tex. 2004) (Averitte, J.) (holding that status as a convicted felon is not a protected class)  Accordingly, Plaintiff's discrimination claim also is subject to dismissal on that basis.

   *3. Leave to Amend*

Ordinarily, Plaintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) ("A pro se litigant should be offered an opportunity to amend his complaint before it is dismissed.").  As discussed above, however, even if Plaintiff is able to demonstrate that he exhausted his administrative remedies, he cannot bring a Title VII suit based on his job classification and/or pay grade. Moreover, Plaintiff never sought leave to amend his initial pleading, even after Defendants pointed out the deficiencies discussed above in their motion to dismiss.  Nor did Plaintiff respond to the dismissal motion despite being advised to do so.  Doc. 16.  The Court therefore finds that Plaintiff is unwilling or unable to amend his complaint in a manner that will avoid dismissal and, as such, dismissal with prejudice is appropriate. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (affirming dismissal with prejudice after *pro se* plaintiff failed to respond to defendant's motion to dismiss despite being invited to do so); *Stretcher v. Bank of Am., N.A.*, No.

13-CV-2932-L, 2013 WL 6017460 at *4 n.1 (N.D. Tex. 2013) (Lindsay, J.) (denying leave to amend and dismissing case with prejudice after concluding that plaintiffs had pled their best case where they did not respond to dismissal motion or request leave to amend complaint).

### C.  Conclusion

For the reasons stated above, the Court should **GRANT** Defendants' *Motion to Dismiss*, Doc. 11, and **DISMISS WITH PREJUDICE** all of Plaintiff's claims.

**SO RECOMMENDED** on January 27, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE